■ DAVID ARONOFF, Appellant-Respondent, v LAWRENCE ROSEN, Respondent-Appellant. (Action No. 1.) DAVID ARONOFF, Appellant-Respondent, v LAWRENCE ROSEN et al., Respondents-Appellants. (Action No. 2.)—In consolidated actions, one commenced pursuant to CPLR 3213 on an instrument for the payment of a sum of money only, and the other to recover damages for breach of contract, the parties cross-appeal from an order of the Supreme Court, Westchester County, entered June 4, 1976, which, *inter alia,* denied (1) plaintiff's motion for summary judgment or for partial summary judgment and (2) defendants' cross motion to (a) dismiss Action No. 2 as against defendant Rosen and (b) strike both actions from the Trial Calendar. Order modified, on the law, by deleting therefrom the provision that plaintiff's motion is denied and by substituting therefor provisions that (1) the motion is granted to the extent that plaintiff is awarded partial summary judgment in Action No. 2 in the amount of $98,986 and (2) entry of judgment is to await the conclusion of the trial. As so modified, order affirmed, with $50 costs and disbursements to plaintiff, and with a direction that the action proceed to trial forthwith. We find conclusive proof on this record that the amount of $98,986 is due and owing to plaintiff in connection with the contractual tax obligation. We reject the contention that judgment be entered only as against defendant Daron Industries, Inc. Mr. Rosen entered into the agreement to purchase that corporation's entire stock as an individual, and is so bound. This action should proceed to trial forthwith

since there has been ample time for the completion of pretrial procedures. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.